R. Parrish Freeman (Bar No. 07529)
    *pfreeman@mabr.com*
Michael J. Howell (Bar No. 11672)
    *mhowell@mabr.com*
Trevor L. Clark (Bar No. 16798)
    *tclark@mabr.com*
MASCHOFF BRENNAN GILMORE ISRAELSEN & WRIGHT PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:   (435) 252-1360
Facsimile:   (435) 252-1361

Attorneys for Plaintiff INTERMOUNTAIN HEALTH CARE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **INTERMOUNTAIN HEALTH CARE, INC.** d/b/a **INTERMOUNTAIN HEALTHCARE**, a Utah nonprofit corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>**OGDEN AUDIOLOGY SERVICES, L.C.** d/b/a **INTERMOUNTAIN HEARING CENTERS**, a Utah limited liability company; **INTERMOUNTAIN HEARING CENTERS DOCTORS OF AUDIOLOGY, L.L.C.**, a Utah limited liability company; **STEPHEN B. HARWARD**, an individual; and **KEVIN T. HARWARD**, an individual,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Intermountain Health Care, Inc. d/b/a Intermountain Healthcare ("Plaintiff") hereby claims against Defendants Ogden Audiology Services, L.C. d/b/a Intermountain Hearing Centers ("OAS"), Intermountain Hearing Centers Doctors of Audiology, L.L.C. ("DOA"), Dr. Stephen B. Harward ("S. Harward"), and Dr. Kevin T. Harward ("K. Harward") (collectively, "Defendants") for the causes of action alleged as follows:

## THE PARTIES

1.      Plaintiff is a Utah nonprofit corporation with its headquarters and principal place of business located at 36 South State Street, 22nd Floor, Salt Lake City, Utah 84111. Plaintiff does business under the name "Intermountain Healthcare."

2.      On information and belief, OAS is a Utah limited liability company with its principal place of business at 5349 Adams Ave., Suite C, Ogden, Utah 84405.

3.      On information and belief, OAS also operates under the name "Intermountain Hearing Centers," out of the same address at 5349 Adams Ave., Suite C, Ogden, Utah 84405.

4.      On information and belief, DOA is a Utah limited liability company with its principal place of business at 5349 Adams Ave., Suite C, Ogden, Utah 84405.

5.      On information and belief, S. Harward is an individual residing in Utah.

6.      On information and belief, K. Harward is an individual residing in Utah.

## JURISDICTION AND VENUE

7.      This is a civil action arising under the laws of the United States, including, but not limited to 15 U.S.C. §§ 1114(1) and 1125.

8.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.      This court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     This court has personal jurisdiction over Defendants because: (1) OAS and DOA are business entities formed under the laws of the State of Utah and S. Harward and K. Harward are individuals residing in Utah; (2) OAS's and DOA's principal places of business are located in Utah; (3) Defendants regularly do and solicit business within this judicial district; and (4) Defendants have committed acts of trademark infringement and unfair competition within this judicial district.

11.     Venue is proper in this judicial district under at least 28 U.S.C. § 1391(b).

### FACTUAL BACKGROUND

**I.      Intermountain Healthcare's Services and Well-Known Trademarks**

12.     Plaintiff is a Utah-based, nonprofit corporation.

13.     Plaintiff and one or more of Plaintiff's subsidiaries do business under the name "Intermountain Healthcare" and are referred to in this Complaint individually and collectively as "Intermountain Healthcare."

14.     Since 1975, Intermountain Healthcare has offered a wide array of healthcare services through its operation of hospitals, clinics, and urgent care facilities in the mountain states region of the United States, including Utah and Idaho.

15.     Over the years, Intermountain Healthcare has become widely recognized as a national leader in clinical quality improvement, efficient healthcare delivery, and accessible and affordable high-value healthcare.

16.     Since 1975, Intermountain Healthcare has continuously used "INTERMOUNTAIN HEALTHCARE," or its legal equivalent "INTERMOUNTAIN HEALTH

CARE," as a name and trademark in commerce in connection with providing hospital, medical, and heathcare services.

17.     By virtue of its continuous use of the "INTERMOUNTAIN HEALTHCARE" name and trademarks, Intermountain Healthcare has established common law rights and obtained and maintained numerous federal trademark registrations for its services in the United States.

18.     Intermountain Healthcare is the owner of all right, title and interest to, *inter alia*, the following trademarks, including the common law rights associated therewith, (collectively, the "Asserted Marks"):

    A.     U.S. Registration No. 2,733,735 ("'735 Registration"), issued on July 8, 2003 and was first used in commerce as early as 1975, for the mark INTERMOUNTAIN HEALTHCARE for use in connection with hospital, medical, and health care services in International Class 44, including all common law rights associated therewith. A true and correct copy of this registration is attached hereto as **Exhibit A**.

    B.     U.S. Registration No. 2,792,164 ("'164 Registration"), issued on December 9, 2003 and was first used in commerce as early as December 11, 2000 for the mark INTERMOUNTAIN MEDICAL CENTER, for use in connection with hospital, medical and health care services in International Class 44, including all common law rights associated therewith. A true and correct copy of this registration is attached hereto as **Exhibit B**.

19.     Intermountain Healthcare has extensively and continuously used, promoted, marketed and otherwise publicized each of the Asserted Marks, including prior to and since the date of applicable registration; the Asserted Marks are in full force and effect.

20.     Intermountain Healthcare operates a system of 24 hospitals and a medical group of approximately 2,400 physicians and advanced practice clinicians at approximately 215 clinics in the mountain states region under the name "Intermountain Healthcare."

21.     Intermountain Healthcare offers audiology services in at least ten of its clinics or hospitals, *see* https://intermountainhealthcare.org/locations/search-results/?keyword=audiology, and has at least 31 providers in its network that offer audiology services. *See* https://intermountainhealthcare.org/find-a-doctor/search-results/?specialties=audiology.

22.     The U.S. Patent and Trademark Office has recognized that the mark covered by the '735 Registration has acquired distinctiveness under 15 U.S.C. § 1052(f) in whole, given its longstanding use in connection with Intermountain Healthcare's hospital, medical, and health care services.

23.     The mark covered by the '735 Registration is an incontestable mark under 15 U.S.C. § 1065 because it is a registered mark and has been in continuous use for at least five consecutive years subsequent to the date of such registration and has been continuously used in commerce.

24.     The U.S. Patent and Trademark Office has recognized that the mark covered by the '164 Registration has acquired distinctiveness under 15 U.S.C. § 1052(f) as to "INTERMOUNTAIN."

25.     The mark covered by the '164 registration is an incontestable mark under 15 U.S.C. § 1065 because it is a registered mark and has been in continuous use for at least five consecutive years subsequent to the date of such registration and has been continuously used in commerce.

26.     The Asserted Marks include "INTERMOUNTAIN" as the first and dominant element of the Asserted Trademarks and the element that consumers associate with Intermountain Healthcare's hospital, medical, and health care services.

27.     Intermountain Healthcare also maintains numerous other U.S. trademark registrations with the recognizable common characteristic of the use of "INTERMOUNTAIN" as the first and dominant element of the trademarks and the element that consumers associate with Intermountain Healthcare's services in the healthcare field. These numerous other Intermountain Healthcare trademark registrations and the Asserted Marks collectively constitute a family of trademarks (collectively, the "Family of Marks").

28.     Some of the members of the Family of Marks are set forth in the table below:

| Mark | Registration No. | Acquired Distinctiveness Under 15 U.S.C. § 1052(f) | Filing Date |
|---|---|---|---|
| INTERMOUNTAIN HEALTHCARE | 1,913,834 | In Whole | 9/27/1993 |
| INTERMOUNTAIN MEDICAL CENTER | 2,765,100 | INTERMOUNTAIN | 8/22/2001 |
| INTERMOUNTAIN HEALTHCARE | 2,908,387 | INTERMOUNTAIN | 6/18/2003 |
| INTERMOUNTAIN HEALTHCARE | 2,733,735 | INTERMOUNTAIN | 7/8/2003 |
| INTERMOUNTAIN MEDICAL CENTER | 2,792,164 | INTERMOUNTAIN | 12/9/2003 |
| INTERMOUNTAIN | 3,545,019 | INTERMOUNTAIN | 1/23/2004 |

| Mark | Registration No. | Acquired Distinctiveness Under 15 U.S.C. § 1052(f) | Filing Date |
|---|---|---|---|
| CANCER CENTERS | | | |
| INTERMOUNTAIN HEALTHCARE | 3,309,180 | INTERMOUNTAIN | 11/23/2005 |
| INTERMOUNTAIN HEALTHCARE | 3,309,181 | INTERMOUNTAIN | 11/23/2005 |
| INTERMOUNTAIN HEALTHCARE | 3,309,183 | INTERMOUNTAIN | 11/23/2005 |
| INTERMOUNTAIN HEALTHCARE | 3,309,184 | INTERMOUNTAIN | 11/23/2005 |
| INTERMOUNTAIN MEDICAL GROUP | 3,309,189 | INTERMOUNTAIN | 11/23/2005 |
| INTERMOUNTAIN MEDICAL GROUP | 3,541,903 | INTERMOUNTAIN | 11/23/2005 |
| INTERMOUNTAIN CLINICS | 3,665,123 | INTERMOUNTAIN | 1/9/2006 |
| INTERMOUNTAIN CANCER SERVICES | 3,580,187 | INTERMOUNTAIN | 7/18/2008 |
| INTERMOUNTAIN INSTACARE | 3,865,324 | INTERMOUNTAIN | 5/19/2009 |
| INTERMOUNTAIN HEART INSTITUTE | 4,505,981 | INTERMOUNTAIN | 4/18/2012 |
| INTERMOUNTAIN HEALTH HUB | 4,786,788 | INTERMOUNTAIN | 3/7/2014 |
| INTERMOUNTAIN HEALTH ANSWERS | 4,919,328 | INTERMOUNTAIN | 1/6/2015 |
| INTERMOUNTAIN HOMECARE & HOSPICE | 4,811,594 | INTERMOUNTAIN | 1/8/2015 |
| INTERMOUNTAIN PRECISION GENOMICS | 4,928,946 | INTERMOUNTAIN | 3/13/2015 |
| INTERMOUNTAIN CONNECT CARE | 4,994,824 | INTERMOUNTAIN | 8/13/2015 |
| INTERMOUNTAIN RXMATCH | 5,474,162 | INTERMOUNTAIN | 9/13/2017 |
| INTERMOUNTAIN HEREDIGENE | 5,807,796 | INTERMOUNTAIN | 2/17/2018 |

6

| Mark | Registration No. | Acquired Distinctiveness Under 15 U.S.C. § 1052(f) | Filing Date |
|---|---|---|---|
| INTERMOUNTAIN DAYSPRING | 5,680,470 | INTERMOUNTAIN | 7/5/2018 |

29.     The U.S. Patent and Trademark Office has recognized that each of the members of the Family of Marks set forth above has acquired distinctiveness under 15 U.S.C. § 1052(f) in part, as to "INTERMOUNTAIN," or in whole.

30.     Intermountain Healthcare has spent significant sums of money in commerce on advertisements in various forms, including but not limited to, print, digital, television, radio, and online materials, to promote, market, and otherwise publicize the services offered by Intermountain Healthcare under the Asserted Marks and the Family of Marks. For example, Intermountain Healthcare spent a significant sum of money to become the naming rights partner for the new NFL Las Vegas Raiders practice facility in Henderson, Nevada. The practice facility is named the "Intermountain Healthcare Performance Center," an image of which is set forth below.



31.     Intermountain Healthcare has given notice to the public of the registration of the Asserted Marks pursuant to 15 U.S.C. § 1111 by utilizing the "®" symbol when using the Asserted Marks.

32.     Given Intermountain Healthcare's long, extensive, and continuous use of the Asserted Marks and the Family of Marks, the Asserted Marks and Family of Marks have developed significant and valuable goodwill.

33.     As a result of, *inter alia*, Intermountain Healthcare's extensive and continuous use of the Asserted Marks and the Family of Marks, including in advertising, the Asserted Marks and Family of Marks have acquired secondary meaning to consumers, causing consumers to recognize the Asserted Marks and Family of Marks as distinctly designating Intermountain Healthcare's services as originating with a single source, namely, Intermountain Healthcare.

34.     As a result of Intermountain Healthcare's long and continuous use of the Asserted Marks and the Family of Marks, consumers in Utah, when thinking about industries, products, services, or companies related to medical and wellness, have come to recognize the word "Intermountain" with a single source having a robust healthcare system and services, namely, Intermountain Healthcare.

35.     Examples of the secondary meaning of the Asserted Marks and Family of Marks can be found in news publications in Utah, in which the word "Intermountain" in the medical and wellness space has become synonymous with Intermountain Healthcare:



https://www.ksl.com/article/50140577/strict-visitor-policies-relaxed-at-intermountain-hospitals



https://www.ksl.com/article/46740706/intermountain-sending-100-caregivers-to-nyc-in-reciprocal-aid-gesture



https://kutv.com/news/local/intermountain-hospitals-facilities-will-require-masks-after-state-mandate-ends

## II.   Defendants' Business and Trademark Infringement

36.   On information and belief, Defendants operate medical and healthcare facilities out of five locations in Utah, including offices in Blanding, Brigham City, Draper, Layton, and Ogden, and two locations in Wyoming, including offices in Evanston and Lander.

37.   On information and belief, OAS does business under the name of "Intermountain Hearing Centers," which was registered with the State of Utah as a DBA on February 5, 2014.

38.   On information and belief, DOA was formed as a limited liability company under the laws of the State of Utah on August 11, 2015.

39.     On information and belief, DOA is related to and affiliated with OAS and, therefore, also does business under the name "Intermountain Hearing Centers."

40.     On information and belief, S. Harward is a member of OAS and DOA.

41.     On information and belief, S. Harward directs and/or actively participates in the management and conduct of OAS and DOA, including Defendants' infringement of the Asserted Marks and Family of Marks.

42.     On information and belief, K. Harward is a member of OAS and DOA.

43.     On information and belief, K. Harward directs and/or actively participates in the management and conduct of OAS and DOA, including Defendants' infringement of the Asserted Marks and Family of Marks.

44.     On information and belief, Defendants began using the name "INTERMOUNTAIN HEARING CENTERS" (the "Infringing Mark") in August 2015, many years after Intermountain Healthcare federally registered the Asserted Marks (resulting in the '735 Registration and the '164 Registration); approximately 40 years after Intermountain Healthcare first began using "INTERMOUNTAIN HEALTHCARE," or its legal equivalent "INTERMOUNTAIN HEALTH CARE"; and approximately 15 years after Intermountain Healthcare first began using the name Intermountain Medical Center.

45.     Defendants adopted and began using the Infringing Mark with constructive notice of the Asserted Marks under 15 U.S.C. § 1072.

46.     Defendants adopted and began using the Infringing Mark with 15 U.S.C. § 1072 constructive notice of the Family of Marks, as it was comprised in August 2015 (the "Asserted Family of Marks"). The Asserted Family of Marks consists of those members of the Family of

Marks that Intermountain Healthcare had filed to register with the United States Patent and Trademark Office as of August 2015.

47.     The Infringing Mark is confusingly similar to and infringes the Asserted Marks and Asserted Family of Marks.

48.     On information and belief, Defendants adopted the Infringing Mark with actual knowledge of the Intermountain Healthcare name and brand.

49.     On information and belief, Defendants adopted the Infringing Mark with the express intent to leverage the Intermountain Healthcare name, brand, and reputation as part of marketing Defendants' business.

50.     On information and belief, S. Harward was primarily responsible for Defendants' adoption of the Infringing Mark with the intention to trade and capitalize on the strength of the Asserted Marks and the Family of Marks.

51.     On information and belief, K. Harward has been involved in Defendants' continued and willful infringement of the Asserted Marks and Asserted Family of Marks.

52.     On information and belief, the consuming public is likely to be and has actually been confused as to whether the services offered by Defendants under the Infringing Mark are associated with and originate from Intermountain Healthcare.

53.     On information and belief, Defendants have knowledge of the consuming public's actual confusion about whether Defendants' services offered under the Infringing Mark are affiliated with Intermountain Healthcare.

54.     On information and belief, Defendants have instructed one or more of their employees to not correct actual consumer confusion about whether Defendants' services offered under the Infringing Mark are affiliated with Intermountain Healthcare.

55.     Defendants are unlawfully profiting from Intermountain Healthcare's goodwill associated with the Asserted Marks and Asserted Family of Marks by using the Infringing Mark.

56.     Defendants are utilizing the Infringing Mark in connection with medical and healthcare services—services that are also offered by Intermountain Healthcare.

57.     Defendants received written notice of their infringement of the Asserted Marks in a letter from Intermountain Healthcare to Defendants dated April 28, 2020.

58.     In June 2020, K. Harward responded to Intermountain Healthcare's April 28, 2020 letter on behalf of Defendants, but Defendants have continued to infringe the Asserted Marks.

59.     Despite the receipt of several additional letters from Intermountain Healthcare, Defendants, without any authorization or license from Intermountain Healthcare, continue to knowingly and willfully infringe the Asserted Marks and Asserted Family of Marks.

60.     On information and belief, K. Harward actively directs and/or participates in Defendants' continued and willful infringement of the Asserted Marks and Asserted Family of Marks.

## IV.   Defendants' Unfair Competition

61.     Defendants' unlawful use of the Infringing Mark also constitutes unfair competition by misleading consumers to believe that there is an affiliation between Intermountain Healthcare and Defendants.

62.     On information and belief, in addition to using the Infringing Mark, Defendants

have also purposefully selected a logo design with a confusingly similar name, design, and color

scheme to those used by Intermountain, an example of which is set forth below (the "Infringing

Logo"):



63.     Defendants' use of the Infringing Logo paired with their use of the Infringing

Mark is misleading to consumers and likely to cause mistake as to an affiliation between

Intermountain Healthcare and Defendants.

64.     Defendants' improper use of the Infringing Logo paired with their use of the

Infringing Mark is likely to cause, and already has caused, injury to Intermountain Healthcare's

commercial interest and reputation.

65.     Intermountain Healthcare and Defendants operate medical and healthcare

facilities, provide medical and healthcare services, and are direct competitors in the marketplace,

which bolsters the likelihood that consumers will be deceived into concluding that Intermountain

Healthcare and Defendants are affiliated.

66.     As a direct result of Defendants' conduct, Intermountain Healthcare believes it is

likely to be damaged and has suffered damages.

**V.     Defendants' Unlawful Cybersquatting via www.intermountainhearingcenters.com**

67.     Not only are Defendants infringing on Intermountain Healthcare's Asserted

Marks and Asserted Family of Marks through their use of the Infringing Mark, but Defendants

are also infringing the Asserted Marks and Asserted Family of Marks through their use of the domain name—www.intermountainhearingcenters.com.

68.     On information and belief, Defendants created www.intermountainhearingcenters.com on February 6, 2014, over a decade after Intermountain Healthcare obtained the '735 Registration and the '164 Registration, and approximately 39 years after Intermountain Healthcare began using its INTERMOUNTAIN HEALTHCARE mark.

69.     By February 6, 2014, the Asserted Marks and Asserted Family of Marks were distinctive and had been distinctive for many years.

70.     The domain name intermountainhearingcenters.com is confusingly similar with Intermountain Healthcare's Asserted Marks, Asserted Family of Marks.

71.     On information and belief, Defendants created their domain name— www.intermountainhearingcenters.com—with the bad faith intent to profit from their improper and unauthorized use of the Asserted Marks and Asserted Family of Marks because, among other things, Defendants had no trademark or any intellectual property rights in their domain name and because the Asserted Marks and Asserted Family of Marks that Defendants incorporated into their domain name were distinctive at the time of the website's creation.

**FIRST CLAIM FOR RELIEF**

*(Trademark Infringement of the Asserted Marks – 15 U.S.C. § 1114)*

72.     By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

73.     The Infringing Mark is confusingly similar to the Asserted Marks. Defendants' continued use of the Infringing Mark is likely to cause (and on information and belief, has

caused) confusion, mistake, or deception among the public as to the identity and origin of Defendants' services.

74.     On information and belief, Defendants have adopted and are using the Infringing Mark in an effort to trade on Plaintiff's reputation and goodwill established in the Asserted Marks.

75.     Defendants have had actual knowledge of Plaintiff's rights in the Asserted Marks, and willfully and deliberately infringed, and continue to infringe, such rights through their use of the Infringing Mark.

76.     Plaintiff has no adequate remedy at law because the Asserted Marks are unique and represent to the public Plaintiff's reputation and goodwill such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

77.     Unless enjoined by this court, Defendants will continue their infringing actions resulting in confusion to the consuming public and damage to Plaintiff and its extensive business and goodwill symbolized by the Asserted Marks.

78.     Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an order of this court enjoining Defendants, their officers, agents, and employees from using the Infringing Mark or other designations confusingly similar to the Asserted Marks.

79.     Defendants' actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

80.     By reason of the foregoing, in addition to injunctive relief, Plaintiff is entitled to an award of compensatory damages and treble damages, Defendants' profits, and Plaintiff's costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

*(Trademark Infringement of the Asserted Family of Marks – 15 U.S.C. § 1114)*

81.     By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

82.     The Infringing Mark is confusingly similar to the Asserted Family of Marks. Defendants' continued use of the Infringing Mark is likely to cause (and on information and belief, has caused) confusion, mistake, or deception among the public as to the identity and origin of Defendants' services.

83.     On information and belief, Defendants have adopted and are using the Infringing Mark in an effort to trade on Plaintiff's reputation and goodwill established in the Asserted Family of Marks.

84.     Defendants have had actual knowledge of Plaintiff's rights in the Asserted Family of Marks, and willfully and deliberately infringed, and continue to infringe, such rights through their use of the Infringing Mark.

85.     Plaintiff has no adequate remedy at law because the Asserted Family of Marks are unique and represent to the public Plaintiff's reputation and goodwill such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

86.     Unless enjoined by this court, Defendants will continue their infringing actions resulting in confusion to the consuming public and damage to Plaintiff and its extensive business and goodwill symbolized by the Asserted Family of Marks.

87.     Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an order of this court enjoining Defendants, their officers, agents, and employees from using the Infringing Mark or other designations confusingly similar to the Asserted Family of Marks.

88.     Defendants' actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

89.     By reason of the foregoing, in addition to injunctive relief, Plaintiff is entitled to an award of compensatory damages and treble damages, Defendants' profits, and Plaintiff's costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF

*(Trademark Infringement – Common Law)*

90.     By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

91.     Plaintiff has been using the Asserted Marks and Asserted Family of Marks in states located in the mountain states region of the United States, including within the State of Utah, to identify and signify itself as the source of its services.

92.     Through extensive and continuous use of the Asserted Marks and Asserted Family of Marks, Plaintiff has developed substantial goodwill in the Asserted Marks and in the Asserted Family of Marks. The Asserted Marks and Asserted Family of Marks have become well known, including within the State of Utah, and have earned substantial goodwill among Utahns and individuals located in the mountain states region of the United States.

93.     Defendants' use of the Infringing Mark constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of their

services such that consumers may believe that Defendants' services are sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Plaintiff.

94.     By virtue of the foregoing, Defendants have infringed and continue to infringe the Asserted Marks and Asserted Family of Marks through their use of the Infringing Mark.

95.     On information and belief, Defendants have adopted and are using the Infringing Mark in an effort to trade on Plaintiff's reputation and goodwill established in the Asserted Marks and Asserted Family of Marks.

96.     Defendants' acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.

97.     The irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this court.

98.     By reason of the foregoing, in addition to injunctive relief, Plaintiff is entitled to an award of compensatory damages and treble damages, Defendants' profits, and Plaintiff's costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

*(Unfair Competition – 15 U.S.C. § 1125(a))*

99.     By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

100.     Defendants' use of the Infringing Mark and the Infringing Logo are misleading representations of fact that are likely to deceive the public as to Defendants' affiliation, connection, or association to Plaintiff and as such constitutes unfair competition under 15 U.S.C. § 1125(a).

101.     Defendants' acts—on information and belief—of instructing their employees to not correct actual consumer confusion about whether Defendants' services offered under the Infringing Mark and the Infringing Logo are affiliated with Plaintiff are misleading representations of fact that are likely to deceive the public as to Defendants' affiliation, connection, or association to Plaintiff and as such constitutes unfair competition under 15 U.S.C. § 1125(a).

102.     Defendants' acts of misleading representation of facts have been made willfully and Defendants will continue their unfair competition unless enjoined by this court.

103.     Plaintiff has been and will continue to be damaged by Defendants' unfair competition unless enjoined by this court.

## FIFTH CLAIM FOR RELIEF

*(Unfair Competition – Utah Code Ann. § 13-5a-103)*

104.     By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

105.     Defendants' infringement of Plaintiff's Asserted Marks and Asserted Family of Marks is an intentional business act—Defendants are aware of Plaintiff's rights in its federally protected Asserted Marks and Asserted Family of Marks but continue their infringement through their use of the Infringing Mark and the Infringing Logo.

106.     Defendants' infringement of Plaintiff's Asserted Marks and Asserted Family of Marks is unlawful and has led and will continue to lead to a material diminution in the value of its Asserted Marks and Asserted Family of Marks.

107.     Pursuant to Utah Code Ann. § 13-5a-103, Plaintiff is entitled to its actual damages, costs, and attorneys' fees.

108.     Further, Defendants have had actual knowledge of Plaintiff's rights in the Asserted Marks and Asserted Family of Marks, and willfully and deliberately infringed, and continue to infringe, on such rights through their use of the Infringing Mark. As such, Plaintiff is entitled to punitive damages pursuant to Utah Code Ann. § 13-5a-103.

## SIXTH CLAIM FOR RELIEF

*(Cybersquatting – 15 U.S.C. § 1125(d))*

109.     By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

110.     On information and belief, Defendants registered and are the owners and current users of www.intermountainhearingcenters.com.

111.     The domain name intermountainhearingcenters.com is confusingly similar to the Asserted Marks and Asserted Family of Marks owned by Plaintiff.

112.     The domain name intermountainhearingcenters.com is likely to cause confusion, mistake, or to deceive the public as to the identity or origin of Defendants' services.

113.     On information and belief, Defendants adopted the domain name www.intermountainhearingcenters.com with the bad faith intent to profit from Plaintiff's goodwill in the Asserted Marks and Asserted Family of Marks.

114.     Defendants, even after being notified of Plaintiff's rights in the Asserted Marks and of Asserted Family of Marks, continue to utilize www.intermountainhearingcenters.com

with the willful intent to trade on Plaintiff's reputation and goodwill established in the Asserted Marks and Asserted Family of Marks.

115.     Defendants have had actual knowledge of Plaintiff's rights in the Asserted Marks and Asserted Family of Marks, and have willfully and deliberately infringed, and continue to infringe, such rights.

116.     Unless www.intermountainhearingcenters.com is forfeited or cancelled by this court, Defendants will continue their infringing actions resulting in damage to Plaintiff and its extensive business and goodwill in the Asserted Marks and Asserted Family of Marks.

### SEVENTH CLAIM FOR RELIEF

*(Cybersquatting – Utah Code Ann. § 70-3a-309)*

117.      By this reference, Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

118.     On information and belief, Defendants registered and are the owners and current users of www.intermountainhearingcenters.com.

119.     The domain name intermountainhearingcenters.com is confusingly similar to the Asserted Marks and Asserted Family of Marks owned by Plaintiff.

120.     The domain name intermountainhearingcenters.com is likely to cause confusion, mistake, or to deceive the public as to the identity or origin of Defendants' services.

121.     On information and belief, Defendants adopted the domain name www.intermountainhearingcenters.com with the bad faith intent to profit from Plaintiff's goodwill in the Asserted Marks and Asserted Family of Marks.

122.    Defendants, even after being notified of Plaintiff's rights in the Asserted Marks and Asserted Family of Marks, continue to utilize www.intermountainhealthandwellness.com with the willful intent to trade on Intermountain Healthcare's reputation and goodwill established in the Asserted Marks and Asserted Family of Marks.

123.    Defendants have had actual knowledge of Plaintiff's rights in the Asserted Marks and Asserted Family of Marks, and have willfully and deliberately infringed, and continue to infringe, such rights.

124.    Unless www.intermountainhearingcenters.com is forfeited or cancelled by this Court, Defendants will continue their infringing actions resulting in damage to Plaintiff and its extensive business and goodwill in the Asserted Marks and Asserted Family of Marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      Permanently enjoining and restraining Defendants, their officers, directors, shareholders, agents, employees, and all persons or entities in active concert or participation with them, pursuant to 15 U.S.C. § 1116, from the following (the "Trademark Injunction"):

        i.      Using in any manner the Infringing Mark, Infringing Logo, Asserted Marks, Family of Marks, or any other designation that is confusingly similar to or a colorable imitation of the Asserted Marks and Family of Marks;

        ii.     Using in any manner any trademark, service mark, words, abbreviations, designs, arrangements, or other combinations thereof that would imitate, resemble, or suggest the Asserted Marks or Family of Marks;

iii.    Any false or misleading description of fact, or false or misleading representation of fact, or other fact of unfair competition, which is likely to cause confusion, or to cause mistake, or to deceive as to the existence or nature of an affiliation, connection or association between Defendants and Plaintiff as to the origin, sponsorship, endorsement, authorization or approval by Plaintiff of Defendants' services or commercial activities; and

iv.    Otherwise infringing the Asserted Marks and Family of Marks.

B.    Ordering Defendants, pursuant to 15 U.S.C. § 1116, to file with the court and serve on Plaintiff within thirty (30) days after entry of the Trademark Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Trademark Injunction;

C.    Ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles and advertisements, in the possession, custody or under the control of Defendants, bearing the Infringing Mark, Infringing Logo, the Asserted Marks, or any other designation that is confusingly similar to or a colorable imitation of the Asserted Marks or Family of Marks;

D.    Awarding to Plaintiff compensatory damages in an amount to be determined, together with any and all other remedies to which Plaintiff may be entitled under the Lanham Act, Utah Code Ann., or the common law;

E.    Declaring this to be an exceptional case and awarding to Plaintiff treble damages and its reasonable attorneys' fees incurred and to be incurred by Plaintiff in connection with this action;

F.      Permanently restraining and enjoining, under 15 U.S.C. § 1116, Defendants, their agents, servants, employees, officers, and those persons acting in concert or participating with Defendants, from any unfair competition with respect to their use of the Infringing Mark and Infringing Logo.

G.      Awarding to Plaintiff its costs, profits, and damages, which damages and profits are then trebled, under 15 U.S.C. § 1117, for Defendants' unfair competition with respect to their use of the Infringing Mark, Infringing Logo, or, in the alternative, statutory damages;

H.      Awarding to Plaintiff, pursuant to Utah Code Ann. § 13-5a-103, its actual damages, costs, and attorneys' fees, along with an award of punitive damages;

I.       Ordering Defendants, pursuant to 15 U.S.C. § 1125 and/or Utah Code Ann. § 70-3a-309, to forfeit or cancel their domain name—www.intermountainhearingcenters.com—or to transfer their domain name—www.intermountainhearingcenters.com—to Plaintiff, the owner of the Asserted Marks and Family of Marks;

J.      Permanently enjoining, under 15 U.S.C. § 1125 and/or Utah Code Ann. § 70-3a-309, Defendants, their agents, servants, employees, officers, and those persons acting in concert or participating with Defendants, from any use of their domain name—www.intermountainhearingcenters.com—or any other designation that is confusingly similar to Asserted Marks and Family of Marks; and

K.      An award of any other and further relief as the court deems just and equitable.


### DEMAND FOR JURY

Plaintiff demands TRIAL BY JURY of all causes and issues so triable.

DATED: April 12, 2021

R. Parrish Freeman
Michael J. Howell
Trevor L. Clark
MASCHOFF BRENNAN GILMORE ISRAELSEN & WRIGHT
    PLLC

By: */s/ Michael J. Howell*
    Michael J. Howell
Attorneys for Plaintiff
INTERMOUNTAIN HEALTH CARE, INC.